Erik A. Christiansen, USB #7372
PARSONS BEHLE & LATIMER
201 S. Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
echristiansen@parsonsbehle.com
ecf@parsonsbehle.com

Michael Holecek (*pro hac vice forthcoming*)
Timothy Kolesk (*pro hac vice forthcoming*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520
mholecek@gibsondunn.com
tkolesk@gibsondunn.com

*Attorneys for Defendant DoorDash, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GIENIE ASSINK, on behalf of Plaintiff and Class,<br><br>Plaintiff,<br><br>v.<br><br>DOORDASH, INC.,<br><br>Defendant. | **DEFENDANT DOORDASH, INC.'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>[Removal from the Third Judicial District Court, Salt Lake County, Case No. 220903038]<br><br>Action Filed: May 17, 2022<br><br>Case No. 2:22-cv-00417-JCB<br>Magistrate Judge Jared C. Bennett |

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF GIENE**

**ASSINK AND HER COUNSEL OF RECORD:**

4888-0674-7430

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and in accordance with 28 U.S.C. §§ 1331, 1332, 1367, and 1711, Defendant DoorDash, Inc. ("DoorDash" or "Defendant") hereby removes this action—with reservation of all defenses and rights—from the Third Judicial District Court of Salt Lake County, Case No. 220903038, to the United States District Court for the District of Utah, Central Division.  Removal is proper on the following grounds:

## I. TIMELINESS OF REMOVAL

1. Plaintiff Gienie Assink filed a Class Action Complaint on behalf of a putative class against DoorDash on May 17, 2022, in the Third Judicial District Court of Salt Lake County.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Docket Sheet, Summons, Complaint, and Plaintiff's Proof of Service, are attached as Exhibits A–D to the Declaration of Michael Holecek filed concurrently herewith.

2. Plaintiff served DoorDash, through DoorDash's agent for service of process, C T Corporation System, with the Summons and Complaint on May 23, 2022.  *See* Holecek Decl. Ex. D.  This notice of removal is therefore timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after service was completed.  *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS AND GROUNDS FOR REMOVAL

3. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against DoorDash under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action."  28 U.S.C. § 1332(d)(8).  This case is a putative

"class action" under CAFA because it was brought under a state statute or rule, namely the Utah Consumer Sales Practice Act, authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Compl. ¶ 16.

5.  Plaintiff alleges in the Complaint that she "brings this claim on behalf of a class, pursuant to Utah R. Civ. P 23(a) and 23(b)(2) and (3)" where "[t]he 'Utah Class' consists of (a) all consumers in Utah (b) who left a tip for their Dashers through the DoorDash app (c) during the period of time when DoorDash's practice was to retain some portion of Dashers' tips." Compl. ¶ 36.

6.  Plaintiff's Complaint alleges violations of the Utah Consumer Sales Practice Act, UTA § 13-11-2(2) and (6), based on the allegation that "practice of soliciting tips for Dashers and then pocketing the tips is deceptive practice designed to take advantage of consumers." Compl. ¶ 17. Plaintiff also brings claims of fraud (Compl. ¶¶ 25–29) and unjust enrichment (Compl. ¶¶ 31–34).

7.  Plaintiff seeks "statutory damages of $2,000 per violation or h[er] actual damages (whichever is greater) under the Utah Consumer Sales Practice Act" (Compl. ¶ 24), as well as "declaratory and injunctive relief under the Utah Consumer Sales Practice Act"; a "preliminary and permanent injunction"; "compensatory, statutory, and punitive damages"; an "[o]rder that Defendant [] disgorge to the Plaintiff and the Class all amounts obtained by it wrongfully"; "[a]ttorney's fees, litigation expenses, and costs of suit as allowed by law"; and "[s]uch other and further relief as the Court deems proper" (Compl. at 10–11).

8.  Under CAFA, federal courts have original jurisdiction over class actions where the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of

4888-0674-7430

interest and costs; the putative class action contains at least 100 members; and any member of the putative class is a citizen of a state different from that of any defendant. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

9.   DoorDash denies any liability as to Plaintiff's individual claims and as to the claims of the putative class members. DoorDash expressly reserves all of its rights, including, but not limited to, its right to file motions to compel arbitration and motions challenging the pleadings. However, for purposes of meeting the jurisdictional requirements for removal only, DoorDash submits on a good-faith basis that this action satisfies all requirements for federal jurisdiction under CAFA because, as set forth below, the allegations in the Complaint identify a putative class of more than 100 members, establish the minimum diversity of citizenship required under CAFA, and put in controversy more than $5 million in the aggregate for the entire class, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

**A.   The Putative Class Consists Of More Than 100 Members**

10.   Plaintiff's putative class encompasses "all consumers in Utah . . . who left a tip [] for their Dashers through the DoorDash app . . . during the period of time when DoorDash's practice was to retain some portion of Dasher's tips." Compl. ¶ 36. Plaintiff's Complaint references, and mischaracterizes, DoorDash's former pay model (Compl. ¶¶ 8–13), which was in effect from approximately September 23, 2017 to September 18, 2019.[1] DoorDash has a good-faith basis to believe, and on that basis avers, that during that period, more than 100,000

---

[1]   *Bringing Fairer Dasher Pay Nationwide* (Sept. 23, 2017), https://doordash.news/dasher/bringing-fairer-dasher-pay-nationwide/ ("[O]ver the past few months we've slowly been rolling out an updated pay model for Dashers . . . ."); *Working to Strike a Better Balance* (Aug. 23, 2019), https://doordash.news/dasher/working-to-strike-a-better-balance/ ("Today, we're sharing more details about the changes we're making to how earnings and tipping will work on DoorDash. . . .We'll continue to make improvements as we roll it out to all Dashers next month.").

individuals within the state of Utah placed orders and left tips via the DoorDash app.[2] Accordingly, while DoorDash denies that class treatment is permissible or appropriate, based on the Complaint's allegations the proposed class plainly consists of more than 100 members.

### B. The Amount Placed in Controversy Exceeds $5 Million

11. Although DoorDash denies that Plaintiff's claims have any merit and disputes that Plaintiff is entitled to any of the sums sought in the Complaint, DoorDash avers, for the purposes of meeting the jurisdictional requirements for removal only, that Plaintiff's requested monetary recovery exceeds $5 million.

12. Plaintiff's allegations—if accepted—would place in excess of $5 million in controversy, exclusive of interest and costs. *See Williams v. Stewart Title Co.*, 806 F. App'x 625, 628 (10th Cir. 2020) ("When determining the amount in controversy for jurisdictional purposes, however, courts cannot look past the complaint to the merits").

13. As demonstrated below, the $5 million threshold is easily met by considering only a subset of Plaintiff's claims and damages theories.

14. Plaintiff requests that "DoorDash should be ordered to disgorge all tips which were pocketed by DoorDash rather than forward to Dashers" (Compl. ¶ 23) and that it should "disgorge to the Plaintiff and the Class all amounts obtained by" DoorDash, (*id.* at p. 11).

15. DoorDash has a good-faith basis to believe, and on that basis avers, that, during the period the former pay model was in effect, the total amount of tips paid by individuals who

---

[2] The Notice of Removal "need not contain evidentiary submissions," and DoorDash reserves its right to submit additional evidentiary support in the event that Plaintiff moves for remand. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014).

4888-0674-7430

placed orders within the state of Utah was in excess of $10 million. Thus, the amount placed in controversy by the class allegations clearly exceeds $5 million.

16.   Further, Plaintiff's request for attorneys' fees places additional money in controversy.  *See* Compl. at p. 11.

17.   Under Tenth Circuit precedent, the benchmark commonly used for the award of attorneys' fees is 25% of the common fund.  *See Gottlieb v. Barry*, 43 F.3d 474, 487–88 (10th Cir. 1994) (citing case law for the proposition that 25% of the common fund is the benchmark).

18.   DoorDash denies that any such attorneys' fees are owed to Plaintiff or the putative class and reserves the right to contest the application of the 25% benchmark in this case. However, for purposes of this jurisdictional analysis only, DoorDash relies on Plaintiff's allegations that attorneys' fees are owed.  Applying the 25% benchmark to the allegations in the Complaint, Plaintiff's request for attorneys' fees places at least an additional $2.5 million in controversy.

19.   DoorDash reserves the right to show that Plaintiff's other claims and damages theories also place more than $5 million in controversy, should Plaintiff challenge this removal requirement in a motion to remand.

20.   For the foregoing reasons, this action meets the jurisdictional minimum amount in controversy.  *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (a defendant may satisfy the amount in controversy requirement on removal by relying on the "estimate of the potential damages from the allegations in the complaint").

### C. Minimal Diversity Exists Because The Putative Class Includes Non-California Citizens

21. The minimum diversity of citizenship criterion under CAFA is met if the plaintiff or "any member" of the putative class "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

22. Plaintiff alleges that DoorDash "is a California Corporation with its principal office located [in] San Francisco, California." Compl. ¶ 5. Plaintiff alleges that she "is an individual who resides in the State of Utah." *Id.* ¶ 4. Plaintiff also brings claims on behalf of a "Utah Class" consisting of "all consumers in Utah . . . who left a tip [] for their Dashers through the DoorDash app . . . during the period of time when DoorDash's practice was to retain some portion of Dasher's tips." Comp. ¶ 36. Thus, DoorDash avers, for the purposes of removal only, that the putative class includes individuals who are citizens of other states.

23. Because the putative class purports to encompass "all consumers in Utah"; the putative class includes people who are not citizens of California.

24. "CAFA allows federal jurisdiction over class actions involving at least 100 members and over $5 million in controversy when minimal diversity is met (between at least one defendant and one plaintiff-class member)." *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1243 (10th Cir. 2009). Since many "consumers in Utah" are not citizens of California, the "minimal diversity" requirement is met.

### III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

25. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

(a) this is a civil action that is a class action within the meaning of § 1332(d)(1)(B);

7

4888-0674-7430

(b) this action involves a putative class of more than 100 persons as required by § 1332(d)(5)(B);

(c) the amount in controversy exceeds $5 million, exclusive of interest and costs as required by § 1332(d)(2); and

(d) a member of the putative class is a citizen of a state different from DoorDash as required by § 1332(d)(2)(A).

26. Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

27. The United States District Court for the District of Utah, Central Division, is the appropriate venue for removal pursuant to 28 U.S.C. §1441(a) because it embraces the place where Plaintiff originally filed the case, in the Third Judicial District Court, Salt Lake County. *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a).

28. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon DoorDash are attached as Exhibits A–D to the Declaration of Michael Holecek filed concurrently herewith.

29. Upon filing the Notice of Removal, DoorDash will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Third Judicial District Court, Salt Lake County, pursuant to 28 U.S.C. § 1446(d).

30. WHEREFORE, DoorDash hereby removes to the Court the above action pending against it in the Third Judicial District Court, Salt Lake County.

4888-0674-7430

DATED this 22nd day of June, 2022.

/s/ Erik A. Christiansen
Erik A. Christiansen
PARSONS BEHLE & LATIMER

Michael Holecek (*pro hac vice forthcoming*)
Timothy Kolesk (*pro hac vice forthcoming*)
GIBSON, DUNN & CRUTCHER LLP

Attorneys for Defendant DoorDash, Inc.